IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VINCENT LEE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-cv-00251-DGK |
| JUDGE COREY CARTER, et al., | ) |
| Defendants. | ) |

## ORDER DISMISSING CASE FOR FAILURE TO SERVE

Plaintiff Plaintiff *pro se* Vincent Lee brought this Complaint against the following defendants: Judge Corey Carter, Megan Pfannensteil, Mayor Quinton Lucas, Brian Platt, Marilyn Sanders, Tammy L. Queen, Douglas Jones, Terry Rynard, Michael Shaw, Micheal Boeding, and Congressman Emmanuel Cleaver II,[1] as well as the City Attorney's Office for Kansas City, Missouri, the Missouri Attorney General's Office, the United States Attorney General, Northland Alternative Service Program, the "Kansas City Probation Office or the Court," the "Kansas City Community Service Program," and the "Jurisdiction of Kansas City in these six counties: Platte, Clay, Jackson, Johnson and Wyandotte, Kansas." Form Compl., ECF No. 1; Handwritten Addendum, ECF No. 1-1. According to the Complaint, all of the individual defendants (except Micheal Boeding and Congressman Cleaver) are City of Kansas City ("City") employees. Plaintiff sued the individual defendants in their individual and personal capacities.

Contemporaneously with this Order, the Court has entered an Order granting the City's motion to dismiss and dismissing Plaintiff's official capacity claims against the individual

---

[1] The Court refers to these defendants collectively as the "individual defendants."

defendants who are City employees, as well as his claims against the City Defendants.[2] Order, ECF No. 18. Thus Plaintiff's personal capacity claims against all of the individual defendants, his personal and official capacity claims against both Micheal Boeding and Congressman Cleaver, and his claims against the Missouri Attorney General's Office, the United States Attorney General, and Northland Alternative Services Program are the only pending claims in this case.

Plaintiff filed this case in April of 2021 and has not yet served any of the remaining defendants. Under Fed. R. Civ. P. 4(m), the Court must dismiss without prejudice any claims against defendants who are not served within 90 days after a complaint is filed. While the Court may grant an extension of time for good cause, Plaintiff bears the burden to establish good cause. *Kurka v. Iowa City*, 628 F.3d 953, 957 (8th Cir. 2010). Plaintiff has made no such filing. In fact, this case has sat dormant as to the remaining claims for nearly a year. Further, Plaintiff cannot establish good cause because his complaint does not state a claim upon which relief could be granted. Order, ECF No. 18. As such, Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: February 28, 2022      /s/ Greg Kays
                             GREG KAYS, JUDGE
                             UNITED STATES DISTRICT COURT

---

[2] The City Defendants are the City Attorney's Office for Kansas City, the "Kansas City Probation Office or the Court," the "Kansas City Community Service Program," and the "Jurisdiction of Kansas City in these six counties: Platte, Clay, Jackson, Johnson and Wyandotte, Kansas."